IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO
(Carl B. Stokes U.S. Court House, 801 West Superior Avenue,
Cleveland, Ohio 44113)

FILED
JAN 0 8 2024
CLERK, U.S. DISTRICT COURT
N DISTRICT OF OHIO
CLEVELAND

Ronald Satish Emrit,
    Plaintiff (Pro Se)

v.

Progressive Insurance &
    Stephanie Courtney
    professionally known as (p/k/a)
    "Flo from Progressive Insurance,
    Defendants

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

1:24 CV 00046

C. A. No.:

**JUDGE FLEMING**

**MAG JUDGE GRIMES**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

COMES NOW, the plaintiff Ronald Satish Emrit, who is bringing forth this complaint against the two defendants Progressive Insurance and Stephanie Courtney seeking $45 million dollars in punitive, compensatory, and treble damages for the tort of public nuisance. In bringing forth this complaint, the plaintiff states, avers, and alleges the following

### I.) NATURE OF THE CASE

1.) "Flo" from Progressive Insurance is a public nuisance given that her commercials are extremely annoying and she is not good-looking or charismatic.

2.) As a consumer of Cable Television through Verizon in Maryland and Spectrum Internet in Sarasota, Florida, the plaintiff argues that he has

1

standing, causation, and redressability to bring this case against both defendants given that consumers control the American economy and not marketing firms of advertising firms.

3.) Pursuant to Rule 201 of Federal Rules of Evidence (FRE), the court should take judicial notice that the plaintiff has already filed a complaint with the Better Business Bureau in Ohio in which the Better Business Bureau already sent a copy of the complaint presumably to the corporate headquarters of Progressive Insurance.

4.) Furthermore, the court should take judicial notice that the nerve center and/or principal place of business (ppb) of Progressive Insurance is located in Ohio where that Better Business Bureau location was located.

## II.) PARTIES TO THIS LITIGATION

7.)The plaintiff is an indigent, disabled, and unemployed resident of the state of Florida and Maryland (the plaintiff spends half of the year in Florida and the other half in Maryland traveling with his father who is a widely-recognized musician in several states on the Atlantic coast). His current mailing address is 5108 Cornelias Prospect Drive, Bowie, Maryland 20720. His cell phone number is currently (703)936-3043 and his primary email address is einsteinrockstar2@outlook.com.

8.) The two defendants are progressive insurance and Stephanie Courtney known as "Flo from Progressive Insurance"

## III.) JURISDICTION AND VENUE

9.) According to Federal Rules of Civil Procedure 8(a)(1), Plaintiff is required to provide "a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;"

10.) Because the court does not already have personal or subject matter jurisdiction over this issue, it is necessary to engage in a brief discussion of the court's jurisdiction so that the defendants can not move to dismiss this case based on

**2**

procedural grounds involving a lack of proper jurisdiction.

11.) Pursuant to 28 U.S.C.A. Section 1332, the U.S. District Court for the District of Northern Ohio (as an Article III court) has jurisdiction over this matter because there is complete diversity of jurisdiction between the Plaintiff and the five defendants given that the plaintiff lives in Sarasota, Florida and no longer in Fort Worth, Texas.

12.) As an Article III court, the U.S. District Court for the District of Northern Ohio also has subject matter jurisdiction over the present case at bar because this proceeding involves a discussion of Title VII of the Civil Rights Act of 1964, Americans with Disabilities Act of 1990, Equal Protection Clause, Due Process Clause, Fourth Amendment, and Privileges and Immunities Clause.

13.) Therefore, a federal question is presented by the implication of the black-letter law of the aforementioned federal statutes in addition to the discussion of Constitutional Law provisions.

14.) Venue in this jurisdiction is also proper pursuant to 28 U.S.C.A. Sections 1391 and 1400.

15.) Furthermore, the amount in controversy exceeds $75,000 (i.e. $45,000,000 is more than $75.000), this court has jurisdiction on the grounds of diversity and a federal question presented.

## IV.) STATEMENT OF FACTS

16.) The plaintiff sometimes lives in Maryland at 5108 Cornelias Prospect Drive where he receives internet service from Verizon Fios which apparently owns and outsources most of the cable network system to other companies which use fiber optic cables and total internal reflection of digitally-encoded beams in glass fibers surrounded by kevlar and cladding and which involves thimbles on power lines and electrical transmission lines.

17.) The other half of the time, the plaintiff lives at 6655 38th Lane East, Sarasota, Florida 34243 where the internet service is through Spectrum Internet that has bundled cable TV packages with internet and phone even though the plaintiff's father has a Magic Jack phone.

18.) Whenever the plaintiff is watching or is a consumer of Cable TV either in Maryland through Verizon or in Florida through Spectrum INternet, he often sees annoying commercials with "Flo" from Progressive who appears to the plaintiff as a person acting like the "Pillsbury Dough Boy."

19.) The plaintiff has even seen commercials featuring "Flo" from progressive on his Microsoft Hotmail account in the form of internet banner advertisements.

20.) Pursuant to Rule 1002 of Federal Rules of Evidence (FRE), the plaintiff has provided the following links to prove the material fact that many people on Reddit, Facebook, and other lesser-known websites are complaining about "Flo from Progressive Insurance" as being annoying and a public nuisance:

https://www.reddit.com/r/unpopularopinion/comments/b5ir8t/i_hate_flo_from_the_progressive_insurance/

https://m.facebook.com/p/I-hate-Flo-from-Progressive-100069717315401/

https://getjerry.com/insights/flo-progressive-put-blast-via-tiktok

https://www.quora.com/Why-does-Progressive-insurance-use-such-irritating-characters-Flo-Jamie-for-their-TV-radio-commercials

https://www.thetoptens.com/companies-annoying-television-commercials/

21.) Pursuant to Rule 901 of Federal Rules of Evidence (FRE), the plaintiff can not establish the authenticity of the websites about "Flo" from Progressive Insurance but they are results of search engine optimization (SEO) and net neutrality regarding the Google search engine and therefore there is a rebuttable presumption that the websites are legitimate and not artificial intelligence.

## V.) COUNT ONE: PUBLIC NUISANCE

30.) A public nuisance is when a person unreasonably interferes with a right that the general public shares in common. For example, a business that emits large amounts of foul smelling gas that spreads throughout the city would be creating a public nuisance.

**4**

31.) Most public nuisances must be brought by government officials on behalf of the public.

32.) Private citizens can bring a class action to enjoin the nuisance in some cases. For a private individual to bring an action on their own, they must have suffered a greater or different nuisance than the rest of the public.

33.) In the above example, if the gas intruded into houses beside the business, those homeowners might be able to bring private actions given the unique impact on their homes.

34.) A private nuisance is when the plaintiff's use and enjoyment of her land is interfered with substantially and unreasonably through the actions of another. Courts use several factors to determine reasonableness including whether the plaintiff had the property before the nuisance began, the level of harm versus the usefulness of the defendant's activity, and whether the action would be annoying to the average person.

35.) For example, a person mowing their lawn once a week in a neighborhood, while loud, will likely not be a nuisance given the utility of keeping grass mowed and expectations of the average person. However, a person that has a loud generator outside running all day for over a week could very well be considered a nuisance to neighbors.

36.) A court will not find a private nuisance where the harm is caused by the unique attributes of the plaintiff rather than due to the actions of the defendant. For example, if a person has a unique sensitivity to noise, a neighbor will not be liable to the person for harm from using a lawn mower, even if it causes the person ear pain.

## VI.) COUNT TWO: TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS

37.) Tortious interference with business relationship is a similar claim that typically arises when no valid contract exists and a defendant intentionally interferes with the business relationship between a third party and the plaintiff, resulting in damages to the plaintiff.

38.) Some courts refer to the claim by other names, such as tortious or intentional interference with prospective or existing business advantage, tortious or intentional interference with prospective or existing economic advantage, and tortious or intentional interference with business expectancy.

39.) The elements of the tort can vary by state but generally include the following: a.) A business relationship exists between the plaintiff and a third party that affords the plaintiff some legal right. b.) The defendant has knowledge of that relationship. c.) The defendant has the requisite intent to interfere with the relationship between the third party and the plaintiff. d.) The defendant lacks justification to interfere with that relationship. e.) The breach causes damages to the plaintiff.

## VI.) PRAYER FOR RELIEF

WHEREFORE, the plaintiff is seeking the equitable remedy of an injunction requesting that the court award the plaintiff $45 million against the defendant Grammy Awards on CBS d/b/a The Recording Academy/NARAS. In asserting this "prayer for relief," the plaintiff states, avers, and alleges the following:

A.) This proposed judgment in the amount of $45,000,000 would be considered to be punitive, compensatory, and treble damages for the violation of The Civil Rights Act of 1964.

B.) This proposed judgment in the amount of $45,000,000 would also be considered to be expectation, reliance, restitution, incidental, consequential, and/or

6

liquidated damages as the material breach of contract since the plaintiff used to be in "privity of contract" with the sole defendant The Grammy Awards on CBS d/b/a The Recording Academy/NARAS

C.) Furthermore, the plaintiff is seeking the equitable remedy of an injunction requiring and/or mandating that the sole defendant reinstate the plaintiff's Grammys membership as specific performance according to contract law.

D.)

Respectfully submitted,

Ronald Satish Emrit

6655 38th Lane East

Sarasota, Florida 34243

(703)936-3043

einsteinrockstar@hotmail.com

einsteinrockstar2@outlook.com